Jeffrey W. Shields, CA Bar 109920
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, CA  92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

H. Dickson Burton (UT Bar 4004)
Admitted *pro hac vice*
TRASKBRITT P.C.
230 South 500 East, Suite 300
Salt Lake City, UT  84102
(801) 532-1922
Email: hdburton@traskbritt.com

*Attorneys for Plaintiff, CAO Group, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAO GROUP, INC.,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>BIOLASE TECHNOLOGY, INC.,<br><br>　　　Defendant. | Case No. 8:18-CV-00133-DOC-AGR<br><br>RULE 26(f) JOINT REPORT TO COURT FOLLOWING EARLY MEETING OF COUNSEL<br><br>Honorable David O. Carter<br><br>Scheduling Conference:<br>June 18, 2018 at 08:30 AM |

TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

　　　Pursuant to Fed. R. Civ. P. Rule 26(f), Local Rule 26-1, and the Court's March 22, 2018, Order Setting Scheduling Conference (Dkt. No. 27), counsel for each of the parties, plaintiff CAO GROUP, INC. ("Plaintiff") and defendant BIOLASE, INC. (formerly known as BIOLASE TECHNOLOGY, INC.), ("Defendant"), submit their "Rule 26(f) Joint Report to the Court Following Early Meeting of Counsel".

## I. CONFERENCE OF THE PARTIES PURSUANT TO F.R.C.P. 26(f)(1)-(2)

On May 23, 2018, an early meeting of counsel was conducted between Plaintiff's counsel, H. Dickson Burton and James C. Watson of Traskbritt P.C. and Jeffrey W. Shields of the Shields Law Offices, and Defendant's counsel, Mark D. Litvack and Evan Finkel of Pillsbury Winthrop Shaw Pittman LLP. At the meeting, counsel for the parties discussed all the matters contemplated under Fed. R. Civ. P. Rule 26(f), Local Rule 26-1, and this Court's March 22, 2018, Order Setting Scheduling Conference (Dkt. No. 27), and agreed on the matters referenced below.

## II. SHORT FACTUAL SUMMARY OF THE CASE AND OF THE CLAIMS AND DEFENSES

### A. Plaintiff's Statement

Plaintiff, CAO Group, Inc., was founded in the year 2000 and is headquartered in West Jordan, Utah. CAO Group researches, develops, and manufactures innovative devices for use in the fields of dentistry, medicine, and public safety, and has received over 160 patents for its innovations. Among those innovations, CAO Group owns a portfolio of patents for various improvements to all-tissue and soft-tissue dental laser systems for cutting soft and hard tissues. CAO Group also manufactures and sells a family of dental laser systems covered by its portfolio of patents. CAO Group's dental laser systems enable dental practitioners to deliver care more easily, faster, and better.

To enforce its intellectual property rights CAO Group has sued Defendant, Biolase, Inc., for infringing at least one claim of each of certain CAO Group patents directed to features for dental laser systems pioneered by CAO Group, including U.S. Patent Nos. 7,485,116; 8,337,097; 8,834,457; 8,961,040; and 8,967,883. In response, Biolase issued a press release on or about April 30, 2012, making certain defamatory and false statements concerning CAO Group and its products. As a result, CAO Group has also brought claims for unfair competition and common law business disparagement.

Biolase has denied that it infringes the claims of the patents-in-suit. It has also

asserted affirmative defenses to the claims of patent infringement, including invalidity, unenforceability, and limitations on the scope of relief. Biolase has also denied that its statements in the 2012 press release are actionable.

### B. Defendant's Statement

Defendant is a medical device company, founded in 1984, traded on the NASDAQ (BIOL), and headquartered in Irvine, California. Defendant develops, manufactures, markets and sells in the U.S. and internationally, laser systems for use in dentistry and medicine. The company offers *all-tissue* dental laser systems for cutting soft and hard tissues. The company also offers *diode* laser systems used to perform soft tissue, pain therapy, and cosmetic procedures, including teeth whitening. Plaintiff's dental laser systems allow dentists, periodontists, endodontists, oral surgeons, and other dental specialists to perform a range of dental procedures, such as cosmetic, restorative, and complex surgical applications. The company also offers dental imaging equipment, namely, 3D intraoral scanners.

In this lawsuit Plaintiff alleges that certain of Defendant's diode laser systems infringe one or more of five patents assigned to Plaintiff, namely, U.S. Patent Nos. 7,485,116, 8,337,097, 8,834,457, 8,961,040, and 8,967,883 (collectively, the "Patents-in-Suit"). Defendant denies that it has infringed the Patents-in-Suit, denies that the Patents-in-Suit are valid and enforceable, and denies that Plaintiff is entitled to any relief.

Plaintiff has also asserted claims against Defendant for unfair competition under 15 U.S.C. §1125(a) and for common law business disparagement. Plaintiff alleges that on April 30, 2012, following the lawsuit initially filed by Plaintiff against Defendant on April 24, 2012, Defendant issued a press release about the lawsuit in which Defendant made false statements that disparaged Plaintiff and its products. Defendant denies that it has made any false statements that have disparaged Plaintiff or its products or that have caused Plaintiff any recoverable damage or injury. Defendant also asserts, among other defenses: (1) that the alleged statements were in

connection with an ongoing litigation filed in 2012 and are privileged and constitute constitutionally protected speech; (2) that any statements made are not actionable because they were true; constitute opinion; were made in the exercise of good faith, pursuant to fair competition, were justified under the circumstances, and were made without malice; and (3) that Plaintiff has not sustained any recoverable injury or damage as a consequence of the alleged statements.

### III. SHORT SYNOPSIS OF PRINCIPAL ISSUES IN THE CASE

As to the claims of patent infringement, the principal issues are likely to be as follows:

1. Whether Defendant has infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

2. Whether the Patents-in-Suit are invalid for failing to meet the conditions of patentability and satisfy all of the requirements set forth in the provisions of 35 U.S.C. §§ 101, 102, 103, and 112;

3. Whether Defendant should prevail on any of its affirmative or other defenses to infringement;

4. The proper construction of selected claim terms in the asserted claims of the Patents-in-Suit;

5. Whether Plaintiff is entitled to damages before filing of the lawsuit;

6. If one or more of the Patents-in-Suit is infringed and valid, the amount of Plaintiff's damages under 35 U.S.C. § 284;

7. Whether attorneys' fees, costs, or expenses are recoverable under 35 U.S.C. §§ 284 and/or 285; and

As to the non-patent claims, the principal issues are likely to be as follows:

1. Whether Plaintiff has established all the elements of its non-patent claims.

2. Whether Plaintiff's claims are barred, in whole or in part, on the ground that the alleged statements made by Biolase are privileged and constitute protected

speech.

3. Whether Plaintiff's claims are barred, in whole or in part due to truth of the alleged statements made by Biolase.

4. Whether Plaintiff's claims are barred, in whole or in part, to the extent the alleged statements made by Biolase constitute opinion and not fact.

5. Whether Plaintiff's claim are barred, in whole or in part, because Plaintiff cannot prove special damages as a result of the alleged statements made by Biolase.

6. Whether Plaintiff's claims are barred, in whole or in part, by any of Defendant's affirmative defenses.

**II.    PROPOSED DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)(3)**

The parties' views and proposals with respect to the topics listed in Rule 26(f)(3) are as follows:

**A.    Rule 26(f)(3)(A): Rule 26(a) Disclosures**

The parties agree that the timing of their Initial Disclosures and Disclosure of Expert Testimony pursuant to Rule 26(a)(2), and the timing of their Pretrial Disclosures, should take place in accordance with the agreed-upon schedule set forth in Section VI below. At this time, the parties do not perceive a need to change the form of, or requirement for, disclosures under Rule 26(a).

**B.    Rule 26(f)(3)(B): Fact Discovery**

Subjects on which discovery may be needed include facts relevant to: (a) Plaintiff's claims of infringement of U.S. Patent Nos. 7,485,116, 8,337,097, 8,834,457, 8,961,040, and 8,967,883 (collectively, the "Patents-in-Suit") and any issues including, but not limited to, validity/invalidity, enforceability/unenforceability, infringement/noninfringement, willful or non-willful infringement and damages (if any), associated with said claims; (b) Plaintiff's common law claims of Business Disparagement/Injurious Falsehood and any issues including, but not limited to, damages, associated with said claims; (c) Plaintiff's claims of Unfair Competition under 15 U.S.C. §1125(a) and any issues including, but not limited to, damages,

associated with said claims; and (d) affirmative and other defenses pleaded by Defendant in its responsive pleadings, and (e) prayers for relief.

The parties expect to be able to complete fact and expert discovery as set forth in Section VI below, and do not currently believe that discovery in this case needs to be conducted in particular phases, or be limited to or focused on particular issues.

**C.     Rule 26(f)(3)(C): Electronically-Stored Information ("ESI")**

The parties are presently negotiating a procedure for the production of ESI. The parties have agreed to use the Model Order governing e-discovery drafted and adopted by The Federal Circuit Advisory Council as a starting point, but have agreed to consider amendments thereto before submitting a proposed ESI Order to this Court. *See* http://www.cafc.uscourts.gov/sites/default/files/announcements/Ediscovery_Model_Order.pdf

**D.     Rule 26(f)(3)(D): Privilege, Protection, Immunities**

Without agreeing to waive or modify Rule 26(b), the parties agree that:

(a)     for experts retained in anticipation of or in connection with the above-captioned litigation, documents constituting drafts of expert reports and declarations, and documents constituting notes created by or for an expert in connection with preparation of his or her expert report or declaration, shall not be discoverable and need not be preserved unless the expert relies upon such drafts and/or notes;

(b)     work product materials, including communications, generated in connection with non-testifying experts and consultants who are retained solely in anticipation of or in connection with the above captioned litigation, shall not be discoverable absent an order by the Court;

(c)     conversations or communications between counsel and any testifying expert or consultant shall not be discoverable absent an order by the Court, except to the extent such conversations or communications are relied upon by the expert;

(d)     responsive documents and things subject to the attorney-client privilege, work product protection, and/or other applicable protection/immunity following the

date Plaintiff filed its Complaint against Defendant on April 24, 2012 in the District Court for the District of Utah, Case No. 2:12-cv-00388 titled *CAO Group, Inc. v. Biolase Technology, Inc.*, need not be produced or disclosed on a privilege log in response to a discovery request served by another party, absent an order of the Court.

The parties will endeavor to submit a jointly-proposed Protective Order governing the inadvertent production of documents and things subject to the attorney-client privilege and/or work product doctrine, and also governing the handling of documents and things, and other litigation material, which the parties consider to be confidential or highly confidential.

### E. Rule 26(f)(3)(E): Limitations on Discovery

The parties agree to the following changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rules:

(a) Each party may have a total of 70 hours of fact deposition time (party and non-party). The 70 hours shall include up to 35 hours of party depositions (including depositions taken pursuant to Rule 30(b)(6)).

(b) There shall be a presumptive time limit of 7 hours per fact depositions, including for depositions taken pursuant to Rule 30(b)(6)). Each person designated and deposed pursuant to Rule 30(b)(6)) shall have its own time limit of 7 hours, separate from a deposition of any fact witness who is also designated as a Rule 30(b)(6) witness. . The parties agree that depending on the number of topics that a witness is designated for pursuant to Rule 30(b)(6)), it may be necessary or appropriate for the parties to work in good faith to extend the time for the deposition beyond the presumptive limit of 7 hours. For any deposition that will exceed 7 hours, the parties will work in good faith to conduct the deposition on consecutive days where practical and reasonable in light of the subject matter, witness availability, and attorney availability. The parties agree that the hour limit shall be doubled if the deponent requires translation from the English language to another language to conduct the deposition.

(c)     Each expert shall be deposed for up to 7 hours per opening or rebuttal (not reply or supplemental) report submitted by that expert.  Again, the parties agree that the hour limit shall be doubled if the deponent requires translation from the English language to another language to conduct the deposition.

(d)     Each party may serve 35 requests for admission. These limits do not apply to requests for admission used solely for authentication, issues of hearsay, exceptions to hearsay and issues relating to the best evidence rule and its exceptions. The parties will discuss a reasonable approach to those exceptions as the case progresses.

The parties further agree to work together to adjust discovery limits as reasonable and necessary under the circumstances. Failure to exercise reasonable efficiency in conducting discovery shall not support a request for adjustment to the discovery limits. Notwithstanding these limits, no party shall be permitted redundant, cumulative or abusive discovery.

The parties expressly reserve their right to move the Court for additional discovery as may be warranted by discovery, investigation and/or as permitted by law.

**F.     Rule 26(f)(3)(F): Other Orders the Court Should Issue**

The parties will submit a proposed Protective Order and endeavor to make this submission jointly.  If any document or information produced is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "Confidential" or with some other confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

Other than the proposals set forth elsewhere in this Joint Report, the parties do not perceive a need for Orders under Rules 16(b), 16(c), or 26(c) at this time.

## IV. LOCAL RULE 26-1 MATTERS

The parties' views and proposals with respect to the topics listed in Local Rule 26-1 are as follows:

### A. L.R. 26-1(a): Complex Case

The parties agree that this case is not complex and should not be subject to the procedures of the Manual for Complex Litigation.

### B. L.R. 26-1(b): Motion Schedule

The parties agree to the cutoff date for filing dispositive motions as set forth in the proposed schedule in Section VI below. Plaintiff expects to file a motion for summary judgment concurrent with or after the patent claims are construed concerning patent infringement and/or validity and reserves the right to file other motions during or at the conclusion of discovery. Defendant expects to file one or more motions for summary judgment, including motions for summary judgment of non-infringement, invalidity, and intervening rights. Plaintiff and Defendant each expressly reserve the right to file additional dispositive or partially dispositive motions that may be warranted by amended pleadings, discovery, investigation and/or as permitted by law.

### C. L.R. 26-1(c): ADR

The parties agree to pursue mediation before the Magistrate Judge assigned to the case (ADR Procedure No. 1, as set forth in Local Rule 16-15.4), or, if for any reason such Magistrate Judge is unavailable, before an alternate Magistrate Judge whom the Court may designate.

### D. L.R. 26-1(d): Trial Estimate

Each party has requested a jury trial. The parties currently estimate that the trial will take about 7 court days. However, the parties agree that the number of days required for trial may be reduced following the Court's claim construction ruling and/or rulings on summary judgment motions, and as the scope and nature of the case is better developed. H. Dickson Burton will be lead trial counsel for Plaintiff, and

Mark D. Litvack will be lead trial counsel for Defendant.

### E. L.R. 26-1(e): Additional Parties and Amendments to the Pleadings

The parties do not anticipate adding additional parties to this action. However, Plaintiff states that it is currently evaluating the possibility of naming additional parties to this case, but the likelihood is low.

Plaintiff does not currently anticipate amending its pleadings at this time but reserves the right to do so based on further discovery and disclosures in this case. Defendant anticipates that it may seek to amend its pleadings to, for example, add affirmative defenses and/or counterclaims based on discovery taken in this action.

Absent good cause, the parties acknowledge that all motions to join other parties, or to amend the pleadings are to be filed and served within sixty (60) days of the date of the Scheduling Order and noticed for hearing within ninety (90) days of the Scheduling Order (Dkt. No. 27, § III(3)(a) at 2-3).

### F. F. L.R. 26-1(f): Expert Witnesses

The parties agree that the timing of their Disclosure of Expert Testimony pursuant to Rule 26(a)(2) should take place in accordance with the agreed-upon schedule set forth in Section VI below.

## V. ADDITIONAL MATTERS

### A. Basis for Federal Jurisdiction

The parties state that there is federal jurisdiction in this case on at least the following grounds: (1) federal jurisdiction according to 28 U.S.C. §§ 1338(a) and 1331 for the claim of alleged patent infringement under 35 U.S.C. § 271; (2) federal jurisdiction according to § 1121(a) and 28 U.S.C. § 1331 for the claim of alleged unfair competition under 15 U.S.C. §1125(a); and (3) supplemental jurisdiction according to 28 U.S.C. §§ 1367 for the common law claims alleging business disparagement and injurious falsehood.

### B. Patent Rules

The parties propose the agreed-upon patent-specific deadlines (e.g.,

infringement contentions, invalidity contentions, claim construction) specified below in Section VI.

### C. Settlement Efforts

The parties have been involved in settlement discussions and participated in a mediation before a Magistrate Judge in the District Court for the District of Utah, Case No. 2:12-cv-00388 titled *CAO Group, Inc. v. Biolase Technology, Inc.*, before the case was transferred to this Court. The parties were not able to reach a settlement.

### D. Legal Issues

The parties indicate that there are currently no expected unusual legal issues presented by the case, including no unusual substantive, procedural, or evidentiary issues.

### E. Present State of Discovery

Defendant served a first set of requests for production of documents on May 17, 2018, to which Plaintiff has not yet responded. Plaintiff served a first set of interrogatories and a first set of requests for production of documents on May 24, 2018, to which Defendant has not yet responded.

### F. Related Proceedings

Plaintiff states the Asserted Patent 7,485,116 has been involved in the following other legal proceedings: (a) CAO Group v. AMD Lasers, 2:12cv387 (Settled); (b) CAO Group v. Den-Mat Holdings, 2:15-cv-07731 (Settled); and (c) Reexamination 95/002,271 (Reexam Certificate Issued on July 6, 2017).

### G. Preservation of Evidence

The parties have taken reasonable measures to ensure that discoverable information has not been destroyed or altered.

### H. E-Mail Service

The parties agree that all documents that are not served through the Case Management/Electronic Case Filing (CM/ECF) system may be served via email, in lieu of mail service, on all counsel of record, including to the following designated

email addresses, pursuant to Fed. R. Civ. Pro. 5(b)(2)(E):

**For CAO Group:** HDBurton@traskbritt.com; JCWatson@traskbritt.com; JJGunn@traskbritt.com; lmondragon@traskbritt.com; cvdubois@traskbritt.com; lmondragon@traskbritt.com; jeff@shieldslawoffices.com; rick@shieldslawoffices.com

**For Biolase:** evan.finkel@pillsburylaw.com; keyvan.davoudian@pillsburylaw.com; mark.litvack@pillsburylaw.com; mcarroll@carrollpc.com; inga.delarosa@pillsburylaw.com

## VI. PROPOSED CASE SCHEDULE

The parties propose the following dates for the Court's approval in this case:

| EVENT | PROPOSED DATE |
| --- | --- |
| Rule 26(f) Report currently due on June 4, 2018 | Monday, June 4, 2018 |
| Scheduling Conference has been scheduled in this case for June 18, 2018, at 8:30 AM (Dkt. No. 72) | Monday, June 18, 2018 |
| Concurrent initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | Friday, June 22, 2018 |
| Last day to file motions to join additional parties or to amend pleadings absent good cause (per Dkt. No. 27). | Within 60 days of the date of the Scheduling Order |
| Plaintiff to serve Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (per N.D. Cal. Patent L.R. 3-1 and 3-2) | Friday, August 17, 2018 |
| Defendant to serve Invalidity Contentions and Document Production Accompanying Invalidity Contentions (per N.D. Cal. Patent L.R. 3-3 and 3-4) | Monday, October 1, 2018 |
| Plaintiff to serve Damages Contentions (per N.D. Cal. Patent L.R. 3-8) | Tuesday, November 20, 2018 |
| Defendant to serve Responsive Damages Contentions (per N.D. Cal. Patent L.R. 3-9) | Friday, December 21, 2018 |
| Exchange of Proposed Claim Terms for Construction (per N.D. Cal. Patent L.R. 4-1) | Monday, October 15, 2018 |

| EVENT | PROPOSED DATE |
|---|---|
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (per N.D. Cal. Patent L.R. 4-2) | Monday, November 5, 2018 |
| File Joint Claim Construction and Prehearing Statement(per N.D. Cal. Patent L.R. 4-3) | Friday, November 30, 2018 |
| Deadline for Completion of Claim Construction Discovery (per N.D. Cal. L.R. 4-4) | Friday, December 21, 2018 |
| Each party to file Opening Claim Construction Brief, including any supporting expert reports or declarations, and Submit Technical Tutorials (if any) | Monday, January 14, 2019 |
| Each party to file Responsive Claim Construction Briefs | Monday, January 28, 2019 |
| Claim Construction Hearing (per N.D. Cal. Patent L.R. 4-6) | Monday, February 11, 2019 |
| Fact Discovery Cut-off (excluding expert witness discovery) | Thursday, March 28, 2019 |
| Initial Expert Reports (where party bears the burden of proof on an issue) | Monday, April 29, 2019 |
| Rebuttal Expert Reports (where party does not bear the burden of proof on an issue) | Thursday, June 13, 2019 |
| Expert witness discovery cutoff | Friday, July 26, 2019 |
| Last day to Meet and Confer Re Intent to File Dispositive Motions (per CDCA L.R. 7-3) | Monday, August 19, 2019 |
| Last day to File Dispositive Motions (per CDCA L.R. 6-1) | Monday, August 26, 2019 |
| Last day to File Opposition to Dispositive Motions (per CDCA L.R. 7-9) | Monday, August 26, 2019 |
| Last day to File Reply to Dispositive Motions (per CDCA L.R. 7-10) | Monday, September 2, 2019 |
| Deadline to Hear Dispositive Motions (per Dkt. No. 27) | Monday, September 16, 2019 |
| Deadline to complete mediation | Monday, September 30, 2019 |
| Deadline to File Motions in Limine | Thursday, October 17, 2019 |
| Deadline to File Oppositions to Motions in Limine | Monday, October 21, 2019 |
| Final Pretrial Conference | Monday, October 28, 2019 |
| Jury Trial | Tuesday, November 5, 2019 |

DATED:  June 4, 2018

TRASKBRITT, P.C.

By:     /s/ H. Dickson Burton
H. Dickson Burton
James C. Watson

SHIELDS LAW OFFICES
Jeffrey W. Shields
Rick A. Varner

Attorneys for Plaintiff
CAO Group, Inc.

Dated:  June 4, 2018

MARK LITVACK
EVAN FINKEL
KEYVAN DAVOUDIAN
PILLSBURY WINTHROP SHAW PITTMAN LLP

MICHAEL C. CARROLL
CARROLL & CARROLL, P.C.

By:     /s/ Evan Finkel
Evan Finkel

Attorneys for Defendant
BIOLASE, INC. (formerly known as Biolase Technology, Inc.)