Jeffrey W. Shields, (CA Bar 109920)
Rick A. Varner, (CA Bar 160403)
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, CA 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com
        rick@shieldslawoffices.com

H. Dickson Burton (UT Bar 4004)
James C. Watson (UT Bar 13395)
TRASKBRITT P.C.
230 South 500 East, Suite 300
Salt Lake City, UT 84102
(801) 532-1922
Email: HDBurton@traskbritt.com
       JCWatson@traskbritt.com

*Attorneys for Plaintiff, CAO Group, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CAO GROUP, INC., | Case No. 8:18-cv-00133-DOC-AGR |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS |
| BIOLASE TECHNOLOGY, INC., | |
| Defendant. | Honorable David O. Carter |

1

# ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

The Court hereby enters the following Stipulated Protective Order Governing the Designation and Handling of Confidential Materials ("Protective Order").

1.    A.    **<u>PURPOSES AND LIMITATIONS</u>**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, each of the Parties hereto jointly petition the Court to enter the following Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Protective Order does not entitle them to file confidential information under seal, and that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

B.    **<u>GOOD CAUSE STATEMENT</u>**

This Action is likely to involve trade secrets, customer information, and/or information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Fed. R. Civ. P. 26(c)(1) does not limit its reach to "trade secrets," but also allows for protection of "confidential commercial information." Customer and supplier lists, as well as sales and revenue information qualify as "confidential commercial information". The Parties assert that they would suffer competitive harm if their customer lists were disclosed directly to their respective presidents/owners/employees rather than to their respective Counsels. The Parties believe that the disclosure of all or some of the

2

information listed below might result in an unfair competitive advantage if disseminated to competitors. Such confidential and proprietary materials and information consist of, among other things:

a) confidential business and financial information, including profit margins, sales data and confidential client information, and other confidential and proprietary information, data, processes, forecasts, analyses, intellectual property, techniques, research,

b) information regarding confidential business practices, including marketing strategies, analyses, forecasts, plans and ideas,

c) other confidential research such as consumer and market research, expressly including non-public personal information of consumers, whether produced inadvertently or otherwise,

d) any commercial information implicating privacy rights of third parties,

e) agreements with third parties, including confidentiality provisions, and

f) information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Information shall not be protected by this Protective Order if the information (i) was publicly available or was properly possessed in substantive, material detail by the Receiving Party prior to such Party's receipt thereof; (ii) became known, prior to the disclosure, to the Receiving Party from a source that had access to the subject materials or information, who had a lawful right to disclose the information, and such disclosure was made without breach of any agreement, including, without limitation, this Protective Order; or (iii) becomes publicly available in significant detail through no fault of the Receiving Party or any attorney or person associated with the Receiving Party.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately

protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, to conduct discovery of Non-Parties, including competitors and employees of competitors, this Protective Order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

2.1 **Action**:  This pending lawsuit with the Case No.: 8:18-cv-00133-DOC-AGR.

2.2 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3 **"CONFIDENTIAL" Information or Items:** all information in whatever form such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

(a) is regarded by the Disclosing Party as being confidential, personal, private, or proprietary in nature such that it qualifies for protection under Fed. R. Civ. P. 26(c)(1)(G) and/or is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

(b) is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, *et. seq*., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and

(c) is as specified above in the Good Cause Statement.

2.4 **Counsel:** Outside Counsel of Record and House Counsel (as well as their

4

support staff).

2.5 **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY".

2.6 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 **House Counsel:** attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10 **Outside Counsel of Record**: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.11 **Party** or **Parties**: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 **Patents-in-Suit**: U.S. Patent Nos. 7,485,116, 8,337,097, 8,834,457, 8,961,040, and 8,967,883.

2.13 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 **Professional Vendors**: persons or entities that provide litigation support

4814-3674-0976.v1

services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY".

2.16 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial Judge. This Protective Order does not govern the use of Protected Material at trial.

4. **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for

protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 **Manner and Timing of Designations**. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY", to each page that contains protected material.[1] If only a portion or portions of the material on a page qualifies for

---

[1] If the Parties should determine that a Party or third party has source code to produce, the Parties will confer and jointly move the Court to amend this Protective Order to add designations for "CONFIDENTIAL SOURCE CODE" and how source code should be protected under this Protective Order.

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" on the record, at any point before the close of the deposition, by so stating on the record and identifying the level of protection desired.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel, a Producing Party shall designate such materials as containing "CONFIDENTIAL" information or

4814-3674-0976.v1

"CONFIDENTIAL" – ATTORNEYS' EYES ONLY" information when such papers are served or sent.

(e)     for information disclosed at a hearing or trial as "CONFIDENTIAL" or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY", a Party shall designate such information by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

5.3     **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

4814-3674-0976.v1

## 7.    **LEVELS OF CONFIDENTIALITY**

1.    Any information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be restricted in accordance with the following levels of confidentiality:

2.    "CONFIDENTIAL—ATTORNEYS' EYES ONLY"—Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be restricted to viewing, copying by, and disclosure to:

a.    Outside Counsel of Record, including colleagues, staff, outside copying services, document management services and graphic services acting on behalf of the Parties in this matter;

b.    The Court, including all personnel of the Court;

c.    Witnesses during depositions, so long as the witness to whom a Party is seeking to disclose the document was either a recipient or otherwise involved in the creation or transmission of the document.  Where it is not stated on the face of the confidential document being disclosed that the witness to whom a Party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation or transmission of the document, the Party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that:  (i) the Party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the Party seeking disclosure provides advance notice to the Party that produced the document, and (iii) the Party that produced the document does not inform the Party seeking disclosure that the person to whom the Party intends to disclose the document did not in fact receive or lawfully review the document.  Nothing herein shall prevent disclosure at a deposition of a document designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" to the officers or directors, of the Producing Party of such "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or to any employee of such Party who has access to such "CONFIDENTIAL   ATTORNEYS' EYES ONLY" information in the ordinary

4814-3674-0976.v1

course of such employee's employment;

    d.    Experts and consultants necessarily retained by Outside Counsel of Record in this Action and their colleagues, advisors, and secretarial and clerical assistants who are actively assisting in the preparation, evaluation, and trial of this Action;

    e.    Professional vendors;

    f.    Court reporters and other persons involved in recording testimony in this Action;

    g.    Any other person to whom disclosure is required by law; and

    h.    Insurers of the Parties and their counsel.

    3.    Before information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or contents thereof, are disclosed to any person specified in paragraphs 7(2)(d) or 7(2)(e) above, counsel for the Party disclosing such information shall provide to those persons a copy of this Protective Order, and such person must agree (i) to be bound by the terms hereof by signing the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A. Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be viewed by the Receiving Party or by anyone acting on its behalf, other than its Counsel, except as set forth above. No disclosure of information designated as "CONFIDENTIAL— ATTORNEYS' EYES ONLY" shall be made to an Expert until expiration of the opportunity to seek an order of the Court, or ruling thereon, as contemplated in (a) below, ten (10) business days after the disclosure agreement is provided to the other Party.

    (a)    Before any information designated as "CONFIDENTIAL— ATTORNEYS' EYES ONLY" is disclosed to outside Experts, the following information must be provided in writing to the Producing Party and received no less than ten (10) business days before the intended date of disclosure to that outside Expert: the identity of that outside Expert, business address and/or affiliation and a

current curriculum vitae of the Expert, and, if not contained in the Expert's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the Expert. If the Producing Party objects to disclosure of information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an outside Expert, the Producing Party shall within ten (10) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within ten (10) business days shall authorize the disclosure of information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to the Expert. As to any objections, the Parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the Party seeking to prevent disclosure of the information designated as "CONFIDENTIAL— ATTORNEYS' EYES ONLY" to the Expert shall move within ten (10) business days for an order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon the Producing Party. If no such motion is made within ten (10) business days, disclosure to the Expert shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to the Expert shall not be made except by order of the Court.

(b)     Any disclosure agreement executed by any person affiliated with a Party shall be provided to any other Party who, based upon a good faith belief that there has been a violation of this Protective Order, requests a copy.

(c)     No Party shall attempt to depose any Expert unless the Expert is designated by the Party engaging the Expert as a testifying expert, and then only after either (a) the Expert has submitted a declaration, affidavit or other sworn testimony in connection in this Action that is properly the subject of examination by the non-designating Party, or (b) the designating Party has made a disclosure for the Expert in accordance with the timing for disclosure of expert testimony set forth in Federal Rule

12

of Civil Procedure 26(a)(2)(d) or other Order of the Court. Notwithstanding the preceding sentence, any Party may depose an Expert as a fact witness provided that the Party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this Action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging Party chooses not to designate the Expert as a testifying expert, the non-engaging Party shall be barred from seeking discovery or trial testimony as to the scope, subject matter or work product resulting from the engagement.

4. "CONFIDENTIAL"—Information designated as "CONFIDENTIAL" shall be restricted to viewing, copying by, and disclosure to:

a. All "CONFIDENTIAL—ATTORNEYS' EYES ONLY" persons;

b. All House Counsel, employees, officers, and directors of each Party of record having a legitimate need to receive the "CONFIDENTIAL" information in order to assist Outside Counsel of Record in representing the Receiving Party. It is not necessary that each such person sign this Protective Order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this Protective Order, its terms, and the consequences of an unauthorized disclosure; and

c. Witnesses or potential witnesses in this Action, so long as the witness to whom a Party is seeking to disclose the document was a recipient or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a Party is seeking to disclose the document was either a recipient, author, or otherwise involved in the creation or transmission of the document, the Party seeking disclosure may

13

nonetheless disclose the confidential document to the witness, provided that: (i) the Receiving Party has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the Receiving Party provides advance notice to the Party that produced the document, and (iii) the Party that produced the document does not inform the Party seeking disclosure that the person to whom the Party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated "CONFIDENTIAL" to the officers or directors of the Producing Party such "CONFIDENTIAL" information, or to any employee of such Party who has access to such "CONFIDENTIAL" information in the ordinary course of such employee's employment.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1 **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and may not otherwise, directly or indirectly, otherwise use, duplicate, disclose, transfer, publish or in any way apply or exploit the Protected Material. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order, and only on a need-to-know basis. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored, safeguarded, held in confidence, withheld from third parties and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

8.2 **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL"

14

only in accordance with Paragraph 7.4 above, and any information or item designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with Paragraph 7.2 above.

**8.3 Patent Prosecution.** Any attorney, patent agent, or other person who has accessed items designated by either of the parties as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and which describes the structure and/or operation of either parties products in this Action, including schematic diagrams, manufacturing drawings, engineering drawings, engineering notebooks, specifications, research notes and materials, source code, and other technical descriptions and/or depictions, shall not be involved, directly or indirectly, with any of the following: advising on, consulting on, preparing, prosecuting, drafting, editing, amending and/or affecting the scope of patents and patent applications with the sole exception of advising and consulting on the scope of claims in the Patents-in-Suit, including, but not limited to, specifications, claims, and/or responses to office actions, before any foreign or domestic agency, including the United States Patent and Trademark Office, where such patents and patent applications are related to the subject matter of dental laser devices. These prohibitions shall begin when access to the relevant Protected Material is first received by the affected individual, and shall end one year after final resolution of this action, including all appeals.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation or with a subpoena or order in any administrative action or examination being conducted by the CFPB or any other state or federal agency or authority, that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

15

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request in this Action, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party

16

that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

17

## 12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1 Pursuant to Federal Rule of Evidence 502(d), the unintentional or inadvertent production of any privileged or work product protected document (including without limitation any Electronically Stored Information ("ESI")) in this Action shall not constitute a waiver in the pending case or in any other federal or state proceeding.

12.2 The receiving Party shall not use documents that the producing Party asserts is attorney-client privileged or work product protected ("Privileged Information") to challenge the privilege or protection.

12.3 Upon written notice of an unintentional production of Privileged Information by the producing Party, the receiving Party must promptly return or destroy the specified materials and any copies thereof, and may not use or disclose the information. The producing Party need not prove the elements of any applicable rule in order to establish inadvertent production or disclosure, and the receiving Party shall not argue that the producing Party needs to establish inadvertent disclosure, that the producing Party failed to take reasonable precautions to prevent disclosure, that the producing Party failed to take reasonably prompt measures to rectify the error once the producing Party knew or should have known of the disclosure, that the producing Party failed to notify the receiving Party of the claim of privilege or protection within a reasonable time; or otherwise argue that the production or disclosure of Privileged Information as part of a production in this case had the effect of waiving any privilege or protection.

12.4 To the extent that the information contained in a document subject to a claim of inadvertent production has already been used in or described in other documents generated or maintained by the receiving Party, then the receiving Party will sequester such Privileged Information until the claim has been resolved. If the

4814-3674-0976.v1

receiving Party discloses the specified Privileged Information before being notified of its inadvertent production, then the receiving Party must take reasonable steps to retrieve the information until the claim is resolved.

12.5  If any receiving Party is in receipt of a document or information from a producing Party that the receiving Party has reason to believe was Privileged Information unintentionally produced by the producing Party, the receiving Party shall take reasonable, good faith steps to sequester the Privileged Information and to notify the producing Party of its production so the producing Party can make a determination of whether such materials were unintentionally produced.

12.6  The Party returning or destroying any unintentionally produced documents or information may move for an order compelling production of some or all of the documents or information to be returned or destroyed, but the fact that the documents or information were produced inadvertently shall not be deemed to be a waiver of any privilege or protection, and shall not be a basis for compelling production.  In addition, any motion to compel production of documents or information to be returned or destroyed shall not include or reference the specific contents of the unintentionally produced documents.  Nevertheless, nothing in this Order precludes a receiving Party from challenging the assertion of privilege by motion based on the same grounds that the receiving Party could have raised if the documents had not been unintentionally produced and a privilege log had been provided instead.

12.7  The amount of time and scrutiny the Parties devote to searching for and excluding Privileged Information from their productions is within the sole discretion of each of them.  Nothing in this Order will be construed or interpreted to limit or reduce or extend the amount of time or scrutiny that a Party should devote to the review of documents prior to their production to identify and prevent Privileged Information from being disclosed.

4814-3674-0976.v1

12.8 The mere production of documents (including without limitation ESI) in this Action as part of a mass production shall not itself constitute a waiver for any purpose.

12.9 The producing Party shall provide a privilege log for any inadvertently produced Privileged Information within ten (10) business days of the written notice of its unintentional production.

13. **MISCELLANEOUS**

13.1 **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 **Right to Assert Other Objections**. By entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 **Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and the Court's "Initial Standing Order Following Assignment of Civil Case to Judge Carter". Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4 **Privilege Logs**. All privilege logs shall contain sufficient information to meet the requirements of Fed. R. Civ. P. 26(b)(5). The parties are not required to include on any privilege log any non-responsive attachments or attachments of which a hash-value duplicate has already been produced.

14. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return

20

all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.  Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 21, 2018          TRASKBRITT, P.C.


By   _/s/ H. Dickson Burton_____
   H. Dickson Burton
   James C. Watson
   **TRASKBRITT, P.C.**
   230 South 500 East # 300
   Salt Lake City, Utah 84102

21

4814-3674-0976.v1

Jeffrey W. Shields
Rick A. Varner
**SHIELDS LAW OFFICES**
1920 Main Street, Suite 1080
Irvine, California 92614

Attorneys for Plaintiff
CAO Group, Inc.

DATED: August 21, 2018                 PILLSBURY WINTHROP SHAW PITTMAN
                                       LLP

                                       By    */s/ Mark D. Litvack*
                                           Mark D. Litvack
                                           Evan Finkel
                                           **Pillsbury Winthrop Shaw Pittman LLP**
                                           725 South Figueroa Street, Suite 2800
                                           Los Angeles, CA 90017-5406

                                           Michael C. Carroll
                                           **Carroll & Carroll, P.C**.
                                           2102 Business Center Drive
                                           Irvine, CA 92612-1001

                                           Attorneys for Defendant Biolase, Inc.
                                           (Formerly known as Biolase Technology,
                                           Inc.)

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED:September 12, 2018

_Alicia G. Rosenberg_
_____
Honorable Alicia G. Rosenberg
United States Magistrate Judge

4814-3674-0976.v1

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of CAO GROUP, INC. v. BIOLASE TECHNOLOGY, INC., USDC Case No. 8:18-cv-00133-DOC (AGR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____